IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL HOLLIDAY,                          :
    Plaintiff,                             :
                              :
    v.                                     :          CIVIL ACTION NO. 21-CV-0314
                              :
PRIME CARE MEDICAL, *et al.*,              :
    Defendants.                            :

## MEMORANDUM

**RUFE, J.**                                                       **FEBRUARY 16, 2021**

Plaintiff Michael Holliday, proceeding *pro se* has filed a Complaint (ECF No. 2).  For the following reasons, the Complaint will be dismissed without prejudice for lack of subject matter jurisdiction.

## I.    FACTUAL ALLEGATIONS

Holliday, an inmate currently incarcerated at the Berks County Jail ("BCJ"), brings this action seeking raise "professional liability" claims against Prime Care Medical, a provider of medical services to inmate at BCJ, and against Dr. Kenneth Wlocheski and Nurse Leona, employees of Prime Care Medical who treat inmates at BCJ.  (ECF No. 2 at 1, 4-5.)[1]  Holliday's professional liability claims relate to two alleged instances where he asserts that Defendant Nurse Leona negligently administered doses of methadone to Holliday which were meant for two other inmates and were far greater than the doses that Holliday actually needed to receive. (*Id.* at 1-4.)  Holliday claims that he has suffered complications as a result of these incorrect methadone doses, including a seizure, a mild stroke, or "stroke like" symptoms, which have continued to this time and have not been properly addressed.  (*Id.*)  He alleges that his

---

[1] The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

complaints about his symptoms, including slurred speech, and awkward gait, numbness in his face, and facial sagging, have gone "mostly ignored" and he has not received an MRI or a CAT scan to determine the extent of his injuries.  (*Id.* at 2-4.)  As part of his Complaint, Holliday attached a "Certificate of Merit" against Defendants which purports to "certify" that these Defendants "deviated from an acceptable professional standard" of care in the treatment of Holliday.  (*Id.* at 7.)  In support of his Certificate of Merit, Holliday attaches multiple prisoner grievance forms he submitted to prison officials at the BCJ regarding these incorrect methadone doses and his symptoms.  (*Id.* at 11-17.)

Based on his allegations of medical negligence, Holliday seeks $100,000 in medical expenses, $50,000 for lost earnings, $1,000,000 for pain and suffering, a "lump sum" payment of $2,000,000, and $3,000,000 in future pain and suffering, in addition to an MRI and a CAT scan to determine the extent of his injuries with additional follow-up as necessary.  (*Id.* at 10.)

## II.       HOLLIDAY'S RELATED CIVIL ACTION

Before filing this complaint asserting legal claims based on a theory of professional liability, or medical negligence, related to these incorrect methadone doses, Holliday filed a separate civil action against these Defendants and others asserting claims under 42 U.S.C. § 1983.  *See Holliday v. PrimeCare Medical, et al.*, No. 19-4564 (ECF No. 16) ("*Holliday I*").  In *Holliday I*, Holliday brought claims against Prime Care Medical, Dr. Kenneth Wloczewski[2], and Nurse Leona, among others, under a different legal theory – alleging that these Defendants violated his Eighth Amendment rights and were deliberately indifferent to his serious medical needs arising from the same set of facts related to the two incorrect methadone doses Nurse

---

[2] In *Holliday I*, Holliday spelled the last name of this Defendant as Wloczewski whereas in this matter he spelled it Wlocheski.

Leona administered to him.  By Memorandum and Order dated January 25, 2021, this Court

screened Holliday's Amended Complaint in *Holliday I* and determined that the Amended

Complaint in that action failed to state a plausible claim for relief against PrimeCare Medical or

Nurse Leona for deliberate indifference under § 1983 related to the methadone dosing issue.

(*See* Memorandum, ECF No. 20 in *Holliday I*, at 19, n.13 and 24.)  Unlike Nurse Leona,

however, the Court permitted Holliday's deliberate indifference claim against Wlocheski to

proceed.  (*Id.* at 18-19.)  By separate Order also entered on January 25, 2021, the Court directed

Holliday to notify the Court in writing if he requests that the Court refer his case for possible

appointment of counsel.  (*See* ECF No. 22.)

The Complaint in the present action ( "*Holliday II*"), is dated December 29, 2020,

postmarked January 11, 2021, and was docketed by the Clerk of Court on January 19, 2021.  The

Memorandum and Orders in *Holliday I* were docketed on January 25, 2021 and mailed out to

Holliday on January 26, 2021, *after* he submitted the Complaint and Application to Proceed *In

Forma Pauperis* in *Holliday II*.  Accordingly, Holliday could not have been aware of the fact that

his deliberate indifference claims against Wlocheski and others were proceeding at the time he

initiated this new action, *Holliday II* – which arises from the same set of facts but asserts a

different legal theory.

### III.    STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court must dismiss the Complaint if it fails to

state a claim.  To survive dismissal for failure to state a claim, the complaint must contain

"sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  Furthermore, "[i]f the court

determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the

action."  Fed. R. Civ. P. 12(h)(3).  As Holliday is proceeding *pro se*, the Court construes his

allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## IV.    DISCUSSION

This Court lacks subject matter jurisdiction over Holliday's professional liability claims

for medical negligence, which arise under state law.  The only independent basis for jurisdiction

over such claims is 28 U.S.C. § 1332,[3] which states that a district court can exercise subject-

matter jurisdiction over a case a case in which "the matter in controversy exceeds the sum or

value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

28 U.S.C. § 1332(a).  Section 1332(a) requires "'complete diversity between all plaintiffs and all

defendants,' even though only minimal diversity is constitutionally required.  This means that,

unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state

as any defendant.'"  *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015)

(quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v.*

*Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).  An individual is a citizen

of the state where he is domiciled, meaning the state where he is physically present and intends

to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  "[T]he domicile

of a prisoner before his imprisonment presumptively remains his domicile during his

imprisonment."  *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010).  "A corporation is a

citizen both of the state where it is incorporated and of the state where it has its principal place of

business. . . . And a partnership, as an unincorporated entity, takes on the citizenship of each of

---

[3] The Court's review of Holliday's Complaint provides no factual basis to support the exercise of federal question jurisdiction over his claims.  Rather, it is clear from the manner in which the Complaint is pled that Holliday is only raising claims under state law.  It is also clear that, to the extent Holliday intended to raise civil rights claims based on these events, he is pursuing those claims in *Holliday I.*

its partners." *Zambelli*, 592 F.3d at 419 (citations omitted).  "The burden of establishing federal

jurisdiction rests with the party asserting its existence." *Lincoln Ben. Life Co.*, 800 F.3d at 105

(citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)).

      Here, Holliday makes no allegations regarding the citizenship of any of the parties.  The

Complaint is silent with regard to Holliday's own citizenship.  With respect to the individual

Defendants, Holliday only alleges that both Wlocheski and Leona are licensed professionals with

offices in Berks County, Pennsylvania.  (ECF No. 2 at 5.)  With respect to Prime Care Medical,

he asserts that it is "[a] corporation or similar entity . . . with offices located throughout the State

of Pennsylvania, but headquartered at 3940 Locust Ave. Harrisburg, PA[.]"  (*Id.* at 6.)  These

allegations are insufficient based on the requirements for pleading citizenship set forth above.

Accordingly, Holliday has not met his burden to establish subject matter jurisdiction over his

claim against these Defendants.  Therefore, Holliday's state law professional liability claims for

medical malpractice will be dismissed without prejudice for lack of subject matter jurisdiction.

      "[A] court should ordinarily allow a plaintiff to amend his complaint to properly allege

the parties' citizenship." *Pierro*, 386 F. App'x at 310.  However, although the Complaint in this

case is more narrowly pled, a comparison of the Complaint in *Holliday II* to the Amended

Complaint in *Holliday I* suggests that *Holliday II* is based on a series of factual allegations and

events that were already reviewed by the Court and permitted to proceed with respect to the

incorrect methadone doses Holliday received.  A plaintiff has "no right to maintain two separate

actions involving the same subject matter at the same time in the same court and against the

same defendant." *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (en banc).

Accordingly, to the extent Holliday's allegations in *Holliday II* are duplicative of the allegations

in *Holliday I*, his claims are dismissed without prejudice to him proceeding in *Holliday I* rather

than without prejudice to him amending here.  To the extent Holliday decides to pursue

additional state law claims for medical malpractice in *Holliday I*, he must move to amend in that

case in accordance with Federal Rule of Civil Procedure 15.[4]  In the alternative, Holliday could

file the state-law claims in the appropriate state court.  Because Holliday already brought suit in

*Holliday I*, and may have intended to pursue his claims in that case as the state-law claims cannot

proceed in this Court in a separate action, the Court will dismiss as moot the motion for leave to

proceed *in forma pauperis*.  *See Brown v. Sage*, 941 F.3d 655 (3d Cir. 2019).

## V.        CONCLUSION

For the foregoing reasons, the Court will dismiss the Complaint for lack of subject matter

jurisdiction without prejudice to Holliday filing a motion to bring the state-law claims in

*Holliday I*  or to filing an action in the appropriate state court.  An appropriate Order follows.

**BY THE COURT:**

**/s/ Cynthia M. Rufe**

_____

**CYNTHIA M. RUFE, J.**

---

[4] "In general, an amended pleading supersedes the original pleading and renders the original
pleading a nullity."  *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019).  "Thus, the most
recently filed amended complaint becomes the operative pleading."  *Id.*  Furthermore, "liberal
construction of a pro se amended complaint does not mean accumulating allegations from
superseded pleadings."  *Argentina v. Gillette*, No. 19-1348, 2019 WL 2538020, at *1 n.3 (3d Cir.
June 20, 2019).  "Therefore, as a practical matter, the filing of amended and supplemental
complaints effectively constitutes an abandonment of any prior complaints filed by a plaintiff."
*Smith v. Price*, Civ. A. No. 11-1581, 2012 WL 1068159, at *4 (M.D. Pa. Mar. 5, 2012), *report
and recommendation adopted*, Civ. A. No. 11-1581, 2012 WL 1072282 (M.D. Pa. Mar. 29,
2012).  This means that if Holliday files a motion to amend in *Holliday I* in accordance with
Rule 15 seeking to file a second amended complaint in *Holliday I* and if that second amended
complaint omits any of the claims upon which he was previously permitted to proceed by the
Court, he will be abandoning those claims.